1. EDMUND G. BROWN JR.
   Attorney General of the State of California
2. DANE R. GILLETTE
   Chief Assistant Attorney General
3. JULIE L. GARLAND
   Senior Assistant Attorney General
4. ANYA M. BINSACCA
   Supervising Deputy Attorney General
5. AMBER N. WIPFLER, State Bar No. 238484
   Deputy Attorney General
    455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
    Telephone: (415) 703-5721
    Fax: (415) 703-5843
    Email: Amber.Wipfler@doj.ca.gov

Attorneys for Respondent Warden B. Curry

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CLIFFORD L. PARKER,<br><br>                  Petitioner,<br><br>v.<br><br>BEN CURRY, Warden,<br><br>                  Respondent. | C 07-04215 SBA |

**RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN *HAYWARD***

Judge: The Honorable Saundra B. Armstrong

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMBER N. WIPFLER, State Bar No. 238484
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5721
     Fax: (415) 703-5843
8    Email: Amber.Wipfler@doj.ca.gov

9  Attorneys for Respondent Warden B. Curry

10              IN THE UNITED STATES DISTRICT COURT

11             FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                         OAKLAND DIVISION

| | |
|---|---|
| CLIFFORD L. PARKER,<br><br>                    Petitioner,<br><br>v.<br><br>BEN CURRY, Warden,<br><br>                    Respondent. | C 07-04215 SBA<br><br>**RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN *HAYWARD***<br><br>Judge: The Honorable Saundra B. Armstrong |

### INTRODUCTION

In a petition for writ of habeas corpus, state inmate Clifford Parker alleged that the Board of Parole Hearings unconstitutionally denied him parole at his 2006 parole consideration hearing. Parker, who is currently serving an indeterminate life sentence for kidnaping, claimed that the Board improperly relied on the circumstances of his commitment offense to deny parole. This Court issued an order to show cause on March 26, 2008, requiring Respondent Warden Ben Curry to file an answer or motion by July 24, 2008.

On May 16, 2008, the Ninth Circuit granted en banc review in *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008). Oral argument was heard on June 24, 2008. *Id.* At issue in *Hayward* is

Req. for Stay                                                          *Parker v. Curry*
                                                                        C 07-04215 SBA
                                    1

whether this Court has jurisdiction over habeas petitions challenging the outcome of parole consideration hearings, as well as the appropriate standard to be applied if such jurisdiction exists. Accordingly, Respondent requests a stay of this case pending the issuance of the mandate in *Hayward*.

## ARGUMENT

### I.

### THE COURT SHOULD EXERCISE ITS DISCRETION AND STAY THIS MATTER PENDING ISSUANCE OF THE MANDATE IN *HAYWARD* BECAUSE BOTH THE BALANCE OF THE INTERESTS AND CONSIDERATIONS OF JUDICIAL ORDER AND ECONOMY FAVOR GRANTING A STAY.

A trial court has discretion to ensure the just and efficient determination of a case by staying it pending the resolution of other proceedings where a stay would be "efficient for [the court's] docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 863 (9th Cir. 1979). In determining whether to grant a stay, a court should consider the possible damage that may result, the hardship or inequity that a party may suffer, and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and questions of law, that could result from the issuance of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109, 1111 (9th Cir. 2005). A court should also take into account the existence of similar cases that are pending in the same district court, and the probability that more are likely to be filed. *Id.* Staying cases that are on the forefront of an issue provides a necessary delay, allowing for resolution of the issues and resulting in uniform treatment of like suits. *Id.*

Because the resolution of *Hayward* could significantly impact this case and numerous similar cases, and because issuing a stay would prevent unfairness and serve the interests of judicial economy, the Court should exercise its discretion and stay this matter pending the issuance of the mandate in *Hayward*.

/ / /

/ / /

/ / /

Case 4:07-cv-04215-SBA   Document 7   Filed 07/23/2008   Page 4 of 6

### A. Moving Forward with this Case Before the Finality of *Hayward* Does Not Serve the Interest of Judicial Economy.

Granting a stay in this case serves the interests of judicial order and economy. At issue before the en banc panel in *Hayward* are two threshold issues which are necessary to the resolution of this case: first, whether California has created a federally protected liberty interest in parole for life-term inmates; and second, if such a liberty interest exists, what process is due under clearly established Supreme Court authority. Resolution of these issues could establish that Parker does not have a federally protected liberty interest in parole, potentially allowing this Court to dismiss his claims for lack of jurisdiction without requiring briefing from the parties. Moreover, it would be wasteful to proceed in this case without the Ninth Circuit's holdings in these matters, as the parties would need to brief issues that will be decided en banc and then submit supplemental briefing to apply the law as clarified in the en banc decision. The two rounds of pleadings may unnecessarily complicate the matters raised and would impair the orderly course of justice. Waiting for the resolution of *Hayward* would thus conserve Court resources, and prevent the Court from having to revisit this matter if *Hayward* is modified or reversed.

A stay would also serve judicial order and economy by maintaining uniform treatment of like suits, as once the law is settled, it can be uniformly applied. For this reason, the Ninth Circuit has sua sponte stayed a number of habeas petitions challenging California parole decisions pending resolution of *Hayward*. *See, e.g., Tolliver v. Carey*, no. 07-15347; *Boatman v. Brown*, no. 05-16199; *Smiley v. Hernandez*, no. 06-55727; *Valdivia v. Brown*, no. 08-15650; *Johnson v. Newland*, no. 04-16712; *Varner v. Brown*, no. 05-16029; *Johnson v. Finn*, no. 06-17042; *Clark v. Shepherd*, no. 06-55065; *Cooke v. Solis*, no. 06-15444.

Granting a stay would therefore conserve judicial resources and serve this Court's interest in orderly managing these proceedings.

///

///

///

Req. for Stay

*Parker v. Curry*
C 07-04215 SBA

3

**B. A Stay Would Not Unfairly Delay Parker in Pursuing His Claims.**

A stay of this case at the district level would not unfairly impose any additional or otherwise avoidable hardship on Parker. Should this case proceed, additional briefing will likely be needed after the decision in *Hayward*, perhaps delaying final resolution. In addition, even if this Court decides this case before a final decision in *Hayward*, it is likely the losing party will file an appeal, and that appeal may be delayed pending resolution of *Hayward*. As such, a stay in this matter would not unfairly delay Parker in pursuing his claims.

## CONCLUSION

The Ninth Circuit's decision in *Hayward* may be dispositive of the jurisdictional issues raised in this matter, and may establish the standard of review to be applied. As such, the interests of the parties, as well as the interests of judicial economy, support staying this case pending the issuance of a mandate in *Hayward*. A stay will promote the orderly resolution of this mater, and assist in maintaining uniformity of like petitions pending before this Court and similar petitions that will be filed in future. As such, Respondent respectfully requests that this Court exercise its discretion to stay this matter pending a final decision in *Hayward*.

Dated: July 23, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

AMBER N. WIFFLER
Deputy Attorney General

Attorneys for Respondent B. Curry

20126436.wpd
SF2008401173

Req. for Stay

*Parker v. Curry*
C 07-04215 SBA

4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Parker v. Curry**

No.:   **C 07-04215 SBA**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 23, 2008, I served the attached

RESPONDENT'S REQUEST FOR STAY
PENDING ISSUANCE OF THE MANDATE IN *HAYWARD*

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Clifford Parker
J-43369
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960-0686
   *In Pro Per*
   *J-43369*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 23, 2008, at San Francisco, California.

| S. Redd | *[signature]* |
|---------|---------------|
| Declarant | Signature |

20127174.wpd